knew its number or that he heard his uncle call for that number. All that he testified was that he assumed his uncle was talking with some one in the office of Doyle Brothers. For all that his testimony shows, it may have been with some one of the commission houses named by the witnesses Blasingham and Osman. He did not state the conversation he heard. He did not state that he was unable to recollect the words. He did not separate one conversation from another. He merely undertook to give his opinion of the general result of numerous conversations which he heard. We are of opinion that this evidence as given was incompetent. With this evidence excluded there is practically nothing in this record to show that this note was given in a settlement of differences growing out of gambling in grain.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*

## Patrick Moran, Appellee, v. Florence A. Grim, Appellant.

## Gen. No. 6,086. (Not to be reported in full.)

Appeal from the Circuit Court of Grundy county; the Hon. Samuel C. Stough, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed October 20, 1915.

### Statement of the Case.

Action by Patrick Moran, plaintiff, against Florence A. Grim, defendant, to recover for the breach of a real estate contract. From a verdict and judgment for plaintiff for $105, defendant appeals.

By the contract which was in writing, plaintiff was to convey to defendant by warranty deed, free of all

incumbrance, certain real estate and was to pay her $250, and defendant was to convey to plaintiff by warranty deed, free of all incumbrance, certain other real estate, and the contract was to be carried into effect on February 15, 1914. Plaintiff brought suit before that date. It did not appear that he tendered to defendant a warranty deed or $250, nor that he had that sum ready to pay to her.

JOHN G. PETTEYS, for appellant.

FRANK L. FLOOD, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 339*—*when action for breach of contract for exchange of realty not maintainable.* An action cannot be maintained before time for plaintiff's performance to recover for the breach of a contract to exchange realty, where it does not appear that plaintiff offered or was ready to perform his part nor that he was excused from performance by the language and conduct of the other party acting personally or through an agent.

2. CONTRACTS, § 390*—*when excuse from performance a question for jury.* In an action for the breach of a contract for the exchange of realty, brought before the time plaintiff was to have performed his part of the contract, where there was no proof of any tender or readiness of performance by plaintiff, the question whether performance by him had been excused by defendant's language or conduct is for the jury.

3. DAMAGES, § 56*—*what proper measure of damages in action for breach of contract.* In an action to recover for the breach of a contract for the exchange of realty, the measure of damages is the excess in value, at the time of the breach, of the property which plaintiff was to receive over that which he was to convey.

4. DAMAGES, § 200*—*when instruction as to measure of damages for breach improper.* In an action to recover for the breach of a contract for the exchange of realty, where there is no proof from which the jury can estimate the excess in value, at the time of the breach, of the property which plaintiff was to receive over the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

property which he was to convey, it is error to authorize the jury, if they find for plaintiff, to assess such damages as they believe from the evidence plaintiff had sustained.

---

## Olive Moore, Appellee, v. George Wingerter, Appellant.

### Gen. No. 6,089. (Not to be reported in full.)

Appeal from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915.

### Statement of the Case.

Action by Olive Moore, plaintiff, against George Wingerter, defendant, under section 9 of the Dramshop Act (J. & A. ¶ 4609) to recover damages for injury to her means of support and property by the sale and gift of intoxicating liquor to her husband, George Moore, which in the first count of the declaration was alleged to have caused his intoxication and in the second and third counts to have caused his habitual intoxication, which intoxication it was alleged caused great injury to her means of support and to her personal property. The court instructed the jury not to allow anything for injury to her person and that element is not in the case. There was a verdict and a judgment for plaintiff for five hundred dollars and defendant appeals.

The suit was begun June 4, 1913, and the inquiry was limited to the five years next preceding that date.

Plaintiff and defendant introduced evidence showing that plaintiff's husband was an habitual drunkard during all of said five years. Plaintiff proved without contradiction that a part of his intoxication was produced by wine which he bought either of defendant or of some of his children at defendant's home, and